**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERBER NOLASCO-GOMEZ, | No.    16-70237 |
| Petitioner, | Agency No. A200-032-686 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and EZRA,*** District
Judge.

Herber Nolasco-Gomez, a native and citizen of El Salvador, petitions for

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable David Alan Ezra, United States Senior District Judge for the District of Hawaii, sitting by permanent designation of Chief Justice Roberts on the United States District Court for the Western District of Texas.

review of the Board of Immigration Appeals' (BIA) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We possess jurisdiction under 8 U.S.C. § 1252(a), and we deny Nolasco-Gomez's petition.

1.     In 2011, the BIA remanded Nolasco-Gomez's request for withholding of removal to the IJ but affirmed the IJ's denial of asylum because his application was not filed within a year of entering the United States. *See* 8 C.F.R. § 1208(4)(a). When Nolasco-Gomez appealed the IJ's denial of withholding on remand to the BIA, he did not again raise his claim for asylum. Nonetheless, we have jurisdiction to consider his asylum claim because the BIA has ruled on it. *See Go v. Holder*, 640 F.3d 1047 (9th Cir. 2011). However, Nolasco-Gomez's brief before us does not address the timeliness of his application for asylum. Accordingly, he has waived his challenge to the denial of asylum. Fed. R. App. P. 28(a)(8)(A); *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (same).

2.     We review the agency's factual findings for substantial evidence. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). Here, substantial evidence supports the BIA's determinations that: (1) Nolasco-Gomez was not credible because of multiple inconsistencies in his testimony and his mother's testimony;

2

and (2) he had not shown past persecution due to a protected ground because he failed to establish a nexus between his alleged persecution and his membership in his father's family.

The IJ's adverse credibility determination was supported by inconsistencies as to the manner of Nolasco-Gomez's father's death and factual inconsistencies in Nolasco-Gomez's and his mother's testimonies. For instance, Nolasco-Gomez's initial declaration alleged a single incident of men following him home and throwing rocks at his house. But he testified about three incidents, while his mother testified there was only one incident. These inconsistencies are significant because they form the basis of Nolasco-Gomez's claim of past persecution. The record does not compel a finding of credibility.

3.     Even if Nolasco-Gomez were determined to be credible, to be eligible for withholding of removal, he must demonstrate a presumption of fear of future persecution based on past persecution, or independently show that it is more likely than not that future persecution would occur. 8 C.F.R. § 1208.16(b)(1); *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). The persecution must be on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.16(b)(1).

Nolasco-Gomez does not claim that he has ever been personally threatened by Roque Hernandez, who Nolasco-Gomez claims killed his father. He offers no

3

corroborating evidence that the men in masks who allegedly followed him home and threw rocks at his house did so on behalf of Hernandez or because Nolasco-Gomez was his father's son. Indeed, there is no evidence that Nolasco-Gomez is likely to suffer physical injury on account of membership in his father's family. Nolasco-Gomez has not shown that he is entitled to withholding of removal.

4. Finally, Nolasco-Gomez may not challenge the denial of CAT relief. On remand, the IJ denied Nolasco-Gomez's request for CAT relief. But in his appeal to the BIA, he failed to raise this issue. Accordingly, he has waived his right to raise it before the Ninth Circuit. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The petition for review is **DENIED.**